# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JAMES G. BROWN,                                    :
                                                   :
                        Petitioner,                :
                                                   :
        v.                                         :        Civ. Act. No. 15-32-LPS
                                                   :
G.R. JOHNSON, Warden, and ATTORNEY                 :
GENERAL OF THE STATE OF DELAWARE,                  :
                                                   :
                        Respondents.               :

---

James G. Brown. *Pro se* Petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

---

## MEMORANDUM OPINION

March 22, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 ("Petition") filed by Petitioner James G. Brown ("Petitioner"). (D.I. 1)  The State

filed an Answer in opposition.  (D.I. 8)  For the reasons discussed, the Court will deny the Petition.

## I.   BACKGROUND

Petitioner pled guilty to first degree unlawful sexual intercourse in March 1989.  The

Superior Court immediately sentenced him to life in prison with the possibility of parole after 20

years.  (D.I. 8 at 2)  Since then, Petitioner has filed five unsuccessful motions for post-conviction

relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion(s)"),[1] two

unsuccessful federal habeas petitions,[2] one unsuccessful application for authorization to file a second

---

[1]Petitioner filed the following five Rule 61 motions:
(1) First Rule 61 motion was filed on April 21, 1989, denied on April 25, 1989, and affirmed on September 25, 1989. *See Brown v. State*, 567 A.2d 419 (Table), 1989 WL 114629 (Del. Sept. 25, 1989).
(2) Second Rule 61 motion was filed on April 9, 1992, denied on October 21, 1992, and affirmed on November 5, 1993. *See State v. Brown*, 1992 WL 301728 (Del. Super. Ct. Oct. 21, 1992); *Brown v. State*, 634 A.2d 938 (Table), 1993 WL 478072 (Del. Nov. 5, 1993).
(3) Third Rule 61 motion was filed on April 20, 1999, denied on May 21, 1999, and affirmed on March 16, 2000. *See State v. Brown*, 1999 WL 1568397(Del. Super. Ct. May 21, 1999); *Brown v. State*, 748 A.2d 913 (Table), 2000 WL 383782 (Del. Mar. 16, 2000), *cert. denied*, 531 U.S. 898 (2000).
(4) Fourth Rule 61 motion was filed on June 24 2003, denied on August 18, 2003, and affirmed on December 8, 2003. *See Brown v. State*, 840 a.2D 641 (Table), 2003 WL 22994216 (Del. Dec. 18, 2003).
(5) Fifth Rule 61 motion was filed on September 25, 2006, denied on December 20, 2006, and affirmed on March 20, 2007. *See Brown v. State*, 922 A.2d 414 (Table), 2007 WL 841076 (Del. Mar. 20, 2007).

[2]Petitioner filed his first federal petition for a writ of habeas corpus on October 16, 1989, which the Honorable Joseph J. Farnan, Jr. denied on June 14, 1991. *See Brown v. Redman*, C.A. No. 89-574 (D. Del. June 14, 1991).  On December 6, 1993, Petitioner filed his second federal petition for a writ of habeas corpus, which the Honorable Joseph J. Farnan, Jr. dismissed on December 6, 1995. *See Brown v. Kearney*, C.A. No. 95-137 (D. Del. Dec. 6, 1995).  On July 7, 1997, the Third Circuit denied a certificate of appealability. *See Brown v. Kearney*, No. 96-7712 (3d Cir. July 7, 1996), *cert. denied*, 522 U.S. 1062 (1998).

or successive federal habeas petition,[3] three unsuccessful state petitions for a writ of habeas corpus,[4] one unsuccessful motion to correct an illegal sentence,[5] and two unsuccessful applications for release on parole.[6]

On November 26, 2014, Petitioner filed an application for authorization file a successive habeas petition with the Third Circuit. In an Order dated January 9, 2015, the Third Circuit found that Petitioner did not require leave to raise the claims in his third federal habeas petition, but it indicated that the claims might not be cognizable. *See In re Brown*, No. 14-4587, Order (3d Cir. Jan. 9, 2015). The Third Circuit transferred Petitioner's Petition to the Court on January 9, 2015.

## II.    DISCUSSION

The Petition asserts four grounds for relief: (1) the Superior court should not have accepted the State's untimely response to Petitioner's motion for correction of an illegal sentence; (2) the

---

[3]On August 9, 2007, the Third Circuit denied Petitioner's application for authorization to file a second or successive habeas petition. *See In re: James G. Brown*, MC 07-160-UNA.

[4]On June 20, 2011, Petitioner filed a state petition for a writ of habeas corpus, which the Superior Court denied on July 8, 2011. (D.I. 8 at 4) Petitioner filed a second state habeas petition on September 21, 2011, which the Superior Court denied on October 4, 2011. *Id.* On May 29, 2012, Petitioner filed a third state habeas petition, which the Superior Court denied on July 5, 2012. The Delaware Supreme Court affirmed that decision. *See Brown v. State*, 58 A.3d 982 (Table), 2012 WL 6031590 (Del. Dec. 4, 2012).

[5]On December 20, 2012, Petitioner filed a "motion to vacate, set aside or correct sentence," or, more accurately, a motion to correct an illegal sentence. The Superior Court denied the motion on December 23, 2013, and the Delaware Supreme Court affirmed that decision. *See Brown v. State*, 89 A.3d 476 (Table), 2014 WL 1370277 (Del. Apr. 4, 2014).

[6]On March 17, 2010, the Board of Parole denied Petitioner's first parole application and required him to complete a drug treatment program before re-applying for parole. On April 3, 2012, the Board of Parole denied Petitioner's second parole application. When the State filed its Answer, Petitioner's third application for parole was pending before the Board of Parole. The record does not include the outcome of that proceeding.

Superior Court should not have denied Petitioner's motion for correction of an illegal sentence for reasons not contained in the State's untimely response; (3) the Board of Parole's failure to hold a parole hearing until approximately three years after Petitioner became eligible for parole breached the terms of Petitioner's plea agreement; and (4) the Superior Court abused its discretion in denying Petitioner's state habeas petitions.

### A. Claims One, Two and Four: Not Cognizable on Federal Habeas Review

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (holding that claims based on errors of state law are not cognizable on habeas review). Allegations of error in state collateral proceedings, even when couched in terms of "Due Process," are not cognizable on federal habeas review, because "the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state . . . proceeding that actually led to the petitioner's conviction." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) ("[W]hat occurred in the petitioner's *collateral* proceeding does not enter in to the habeas calculation.").

Claims One, Two, and Four challenge the Superior Court's decisions in Petitioner's collateral proceedings, and do not challenge what happened in his original criminal proceeding. Therefore, the Court will deny these three Claims for failing to assert a proper basis for federal habeas relief.

## B. Claim Three

In Claim Three, Petitioner asserts that the Board of Parole's failure to provide him with a parole hearing until "well beyond the 20 year term" allegedly promised in the agreement violated the terms of the plea agreement he made with the State. (D.I. at 20)  The following background information is relevant to the disposition of this Claim.

Petitioner's form plea agreement, signed in March 1989, identifies his mandatory minimum penalty as being "20 years without parole." (D.I. 10 at 612; D.I. 11 at 1044)  During the plea colloquy, when asked if anyone had promised him anything in return for his plea agreement, Petitioner responded, "It stated 20 years' imprisonment, possible parole at 20 years – 45 years, that's it." (D.I 10 at 816)  The Superior Court clarified Petitioner's response as follows:

> And you understand that they are talking about the fact that there is a mandatory sentence of 20 years that must be served and that there's a sentence of life that must be imposed, which is equivalent to a 45-year term, so that you would be eligible for parole in 20 years. Is that your understanding?

(D.I. 10 at 816)  Petitioner replied affirmatively. *Id.*

In 1992, approximately four years after pleading guilty, Petitioner was convicted of escape after conviction, for which he was sentenced to 1 ½ years of imprisonment. (D.I. 8 at 7)  As a result of his new conviction, Petitioner's parole eligibility date changed from June 7, 2008 to December 7, 2009. (D.I. 1 at 90)

On July 8, 2009, Petitioner filed his first parole application. (D.I. 1 at 91)  It appears that the application was initially treated as a request for commutation. (D.I. 1 at 85)  During a meeting with the Board of Parole on March 9, 2010, Petitioner clarified that he was requesting parole, not commutation. (D.I. 1 at 92)  Thereafter, in a letter dated March 17, 2010, and without holding a hearing, the Board of Parole denied Petitioner's parole application, explaining that he had to

4

complete a treatment program (Key or Greentree) before submitting another parole application. (D.I. 1 at 85, 92)  After this first denial, Petitioner was not eligible to reapply for parole until one to three years after the denial, *i.e.*, sometime between March 2011 and March 2013. *See* 11 Del. C. Ann. § 4347(a).

Petitioner filed a second application for parole on April 28, 2011. (D.I. 1 at 94)  The Board of Parole held a hearing and denied the application on April 3, 2012, explaining that its decision was based upon the following factors: seriousness of the offense, inability to accept responsibility for the offense, and the Attorney General's opposition. (D.I. 1 at 96)  The Board advised Petitioner that he would be eligible to reapply for parole consideration any time after the "expiration of thirty-six (36) months (4/2015)." *Id.*

In Claim Three, Petitioner acknowledges that he did not become eligible for parole on December 7, 2009 under the terms of the plea agreement and 11 Del. C. Ann § 4205(a). However, he contends that "State Agencies and personnel within" delayed his parole hearing until April 3, 2012 – "nearly three (3) years beyond the terms of the guilty plea agreement." (D.I. 1 at 52) According to Petitioner, the "untimely" parole hearing breached the terms of his plea agreement. This argument is unavailing.

To begin, Petitioner unsuccessfully raised the same "breach of plea agreement" argument in his motion to vacate sentence. The Superior Court denied the motion after expressly holding that neither the plea agreement nor the plea transcript contained a guarantee about a parole hearing; the only guarantee was that Petitioner would not be eligible for parole during the first 20 years of his sentence. (D.I. 11 at 1045) The Delaware Supreme Court affirmed that decision, opining that the

> guilty plea agreement and [Petitioner's] guilty plea colloquy do not
> reflect any promise of [Petitioner's] release on parole after serving
> twenty years. Rather, as the Superior Court properly found, both the
> agreement and the colloquy reflect [Petitioner's] understanding that

5

> the first twenty years of his sentence were mandatory and that he
> would not be eligible for parole until after serving twenty years. There
> is no promise that he would be granted parole after twenty years.

*Brown*, 2014 WL 1370277, at *1.

Pursuant to 28 U.S.C. § 2254(d), if a state court has decided the merits of an argument raised

on federal habeas review, habeas relief may only be granted if the state court's decision was

"contrary to, or involved an unreasonable application of, clearly established Federal law, as

determined by the Supreme Court of the United States," or the state court's decision was an

unreasonable determination of the facts based on the evidence adduced in the trial. 28 U.S.C.

§ 2254(d)(1) & (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Appel v. Horn*, 250 F.3d 203,

210 (3d Cir. 2001). Petitioner's instant challenge falls within the purview of § 2254(d)(2) and, after

reviewing the record, the Court concludes the Delaware state courts' decision was a reasonable

determination of the facts. Nothing in the plea colloquy transcript or plea agreement reflects a

promise about the timing of a parole hearing once Petitioner served the first 20 years of his

sentence. Similarly, no guarantee was made about the terms and conditions the Board of Parole

could place on Petitioner in order to succeed in his parole application process. Instead, the only

assurance reflected by the agreement and the colloquy is that the first 20 years of Petitioner's

sentence were mandatory, and that he would not be eligible for parole until he served those 20 years.

In short, the Board of Parole's imposition of an additional prerequisite for Petitioner's parole

application and resulting "untimely" hearing did not breach the terms of the plea agreement.[7]

Therefore, Claim Three is factually baseless.

---

[7]In fact, 11 Del. Code Ann. § 4347(e) provides that the "Board shall have no obligation to
allow a person eligible for parole to appear before it, and the Board may deny an application without
having interviewed the applicant."

Additionally, the Court concludes that Claim Three is moot. "In the context of habeas challenges to parole refusals, a subsequent parole hearing generally moots claims where the proper relief is a new parole hearing." *Thompson v. D'Ilio*, 2016 WL 6305953, at *5 (D.N.J. Oct. 27, 2016). Since the failure to hold a parole hearing on a date closer to the date on which Petitioner became eligible for parole did not violate Petitioner's plea agreement, the only remedy for Claim Three would be for the Board of Parole to hold a parole hearing. *See Goodman v. Kerestes*, 2016 WL 7365208, at *2. The record clearly reveals, and Petitioner acknowledges, that a parole hearing was held on April 3, 2012. Thus, Claim Three is also moot, because Petitioner has already obtained the only available relief.[8]

## III.    CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

---

[8]In its Answer, the State asserts that Petitioner had a third parole application pending before the Board of Parole that was scheduled to be heard on September 29, 2015. The Court has no information concerning the outcome of that application. However, according to Delaware's Inmate Locator, Petitioner has been on monitored supervision. *See* https:www.vinelink.com/#/search, last visited on Jan. 24, 2018. The Court cannot discern if Petitioner's monitored supervision is the result of a successful parole hearing.

7

## IV.    CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied in its entirety without a hearing.  An appropriate Order will be entered.